UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LAMONTE HERRING,

    Petitioner,

v.                                  Case No. 4:20cv512-WS-HTC

MARK S. INCH,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner, Lamonte Herring, proceeding *pro se*, filed a petition under 28 U.S.C. § 2254 challenging his conviction in the circuit court of Leon County, Florida, 2007 CF 2756, raising a single ground of actual innocence based on newly discovered evidence. ECF Doc. 1. The Respondent filed a motion to dismiss the petition as untimely, ECF Doc. 12, to which Petitioner has responded. ECF Doc. 17. The matter was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). Upon consideration, the undersigned recommends the motion to dismiss be GRANTED and the petition be dismissed without an evidentiary hearing.

## I. BACKGROUND

On August 14, 2007, Kenneth Moore ("Moore") was visiting friends at an apartment complex when he stepped outside. ECF Doc. 12-1 at 29; ECF Doc. 12-3 at 378. He saw a car roll by with four people in it and believed he knew one of them. ECF Doc. 12-3 at 378. Moore indicated for the vehicle to stop. *Id.* When it did, the man in the passenger seat exited the car and asked Moore if he knew someone inside. *Id.* Moore, now face-to-face with who he later identified as Petitioner, realized his error, and said no. *Id.* At that point Moore saw Petitioner was pointing a revolver at him. Moore turned and ran. Numerous gunshots rang out, and Moore was shot twice in the back but survived. *Id.*

Petitioner was convicted of second-degree attempted murder of Moore and sentenced, on January 14, 2009, to 30 years imprisonment. ECF Doc. 12-1 at 93-104 Petitioner appealed his judgment and sentence, and the First District Court of Appeal ("First DCA") reversed and remanded the case for a new trial in *Herring v. State*, 43 So. 3d 823 (Fla. 1st DCA 2010). On remand, and after a new trial, Petitioner was again convicted and was again sentenced to 30 years imprisonment on January 7, 2011. ECF Doc. 12-1 at 295-305. Petitioner appealed, but this time the First DCA affirmed *per curiam* without written opinion in *Herring v. State*, 81 So. 3d 420 (Fla. 1st DCA 2012) on March 1, 2012.

Petitioner filed a postconviction motion under Fla. R. Crim. P. 3.850 on March 16, 2014, raising two claims of ineffective assistance of counsel. ECF Doc. 12-3 at 331. The circuit court denied the motion on October 2, 2014 (the order was executed on September 24, 2014 and docketed on October 2). *Id.* at 349. Petitioner did not appeal that denial and did not file any other postconviction motions until August 2, 2019, when he filed a second postconviction motion, under Fla. R. Crim. P. 3.850, based on newly discovered evidence – an affidavit by Montez Anderson ("Anderson"), in which Anderson claimed to be the sole shooter the night Moore was shot. *Id.* at 356. Anderson was another passenger in the car with Petitioner who was tried and convicted separately for the attempted murder of Moore. ECF Doc. 12-3 at 378.

The state court denied the motion on September 11, 2019,[1] *id*. at 378, Petitioner appealed, and the First DCA affirmed in *Herring v. State*, 296 So. 3d 902 (Fla. 1st DCA 2020), *per curiam* and without opinion on May 18, 2020. The court issued the mandate on July 7, 2020. ECF Doc. 12-3 at 797. Petitioner filed the instant federal petition w on October 21, 2020.[2] ECF Doc. 1 at 11.

---

[1] The order was executed on September 5, 2019, but docketed on September 11, 2019. ECF Doc. 12-3 at 378-81.
[2] In the Respondent's motion to dismiss, Respondent incorrectly identifies the petition filing date as January 12, 2021. ECF Doc. 12 at 4. The petition, however, is stamped as received by prison mail officials on October 21, 2020. ECF Doc. 1 at 11. Also, although Petitioner identifies the date when he placed the petition in the prison mailing system as October 21, 2018, that year is clearly erroneous. *Id.*

Case No. 4:20cv512-WS-HTC

## II.   THE PETITION IS UNTIMELY

Under the AEDPA, a § 2254 petition must be filed within one year of certain "trigger dates."  28 U.S.C. 2244(d)(1).  In most cases, the applicable trigger date is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  *Id.* at § 2244(d)(1)(A).  Petitioner relies on the later trigger date provided in § 2244(d)(1)(D), which is based on the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence".  28 U.S.C. § 2244(d)(1)(D); *Cole v. Warden, Georgia State Prison*, 768 F.3d 1150, 1156 (11th Cir. 2014).  As discussed below, under either trigger dates, the petition is untimely.

### A.   The Petition Is Untimely Under § 2244(d)(1)(A).

Under Florida law, Petitioner's conviction became final ninety (90) days after the First DCA issued its opinion affirming his second conviction – that is, it became final on Wednesday, May 30, 2012.  *See Bond v. Moore*, 309 F.3d 770, 773–74 (11th Cir. 2002) (holding a state prisoner's conviction becomes final when the U.S. Supreme Court denies certiorari, issues a decision on the merits, or when the 90-day period to file a petition for certiorari expires).  Therefore, to be timely under § 2244(d)(1)(A), Petitioner must have filed the instant petition by May 30, 2013.

The limitations period set forth in § 2244(d)(1) is tolled for the time during which a "properly filed" postconviction motion is pending in state court.  *Id.*

§ 2244(d)(2). However, some of the limitations period must remain to be tolled. "While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired. In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired." *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003).

It is undisputed that Petitioner did not file the first post-conviction motion until March 16, 2014 – after the one-year deadline had already passed. ECF Doc. 12-3 at 331. Thus, there were no properly filed post-conviction motions pending in state court which would have tolled the AEDPA limitations period. *See Delguidice v. Fla. Dep't Of Corr.*, 351 F. App'x 425, 428 (11th Cir. 2009) (A state postconviction motion "filed after expiration of the one-year AEDPA limitations period ... [can]not toll the limitations period, as the limitations period had already expired."). Therefore, the instant federal petition, which was not filed until more than seven (7) years *after* Petitioner's judgment became final is untimely under § 2244(d)(1)(A).

B.   **The Petition Is Untimely Under § 2244(d)(1)(D).**

As stated above, because of Anderson's affidavit, Petitioner argues the applicable trigger date is set forth in § 2241(d)(1)(D). Petitioner's reliance on § 2241(d)(1)(D) is, however, misplaced. As an initial matter, even if the Court were

Case No. 4:20cv512-WS-HTC

to apply this later trigger date and treat Anderson's proffered testimony as "newly discovered evidence," the limitations period would have started to run on May 28, 2018, *not* November 7, 2018. Regardless, under either date, the petition is still untimely.[3]

Pursuant to § 2244(d)(1)(D), the statute of limitations for filing a petition shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence" if that date is later than the date the petitioner's state court judgment became final. *Cole*, 768 F.3d at 1156. Thus, the limitations period under § 2244(d)(1)(D) begins when the factual predicate of a claim could have been discovered using due diligence, not when it was actually discovered. *Melson v. Allen*, 548 F.3d 993, 999 (11th Cir. 2008), *cert. granted, judgment vacated on other grounds*, 561 U.S. 1001 (2010). The due diligence contemplated in § 2244(d)(1)(D) "must be determined on a case-by-case basis relative to the factual predicate." *Id.*

Although Anderson did not execute his affidavit until November 7, 2018, Petitioner was aware of Anderson's proffered testimony by *at least* May 28, 2018. Indeed, Petitioner states in the petition that "[o]n May 28, 2018, Petitioner's mother

---

[3] For purposes of this report and recommendation only, the Court is giving Petitioner the benefit of the doubt and presumes he could not have discovered Anderson's proffered testimony, even with due diligence, prior to May 28, 2018. The Court makes this presumption because even accepting the May 28, 2018 date, the petition is untimely.

Case No. 4:20cv512-WS-HTC

(Ms. Frazier) received a letter from Montez Anderson in which he confessed to committing the crime for which Petitioner stands convicted." ECF Doc. 1 at 5. Petitioner attached Anderson's letter to the instant petition, which letter is dated May 28, 2018, and in which Anderson states: "I can honestly say that your son Lamonte Herring had nothing to do with it and had no knowledge about what was going to take place. . . . Your son was merely at the wrong place at the wrong time and for that he doesn't deserve to spend the next 30 years of his life in prison for something he didn't do." ECF Doc. 1 at 13. Thus, based on the record, the "trigger date" under § 2241(d)(1)(D) is, at the latest, May 28, 2018.

Accordingly, for the petition to be timely, Petitioner must have filed the instant petition by May 28, 2019. Petitioner did not do so. Additionally, it is undisputed that Petitioner did not file any post-conviction motions that would have tolled his limitations period after the state court denied his first 3.850 motion on October 2, 2014, until Petitioner filed his second 3.850 motion on August 2, 2019. By August 2, 2019, however, there was no time left to be tolled. *See Delguidice*, 351 F. App'x at 428.

Plaintiff argues in his response the petition is timely because the second 3.850 motion was timely filed under Florida Rules of Criminal Procedure. Thus, Plaintiff appears to argue the AEDPA limitations period should run from July 7, 2020, when the second 3.850 motion was fully resolved. That argument, however, does not have

any legal support. The fact that Florida has a two-year time limit for filing 3.850 motions does not extend the AEDPA one-year deadline. *See, e.g., Phillips v. Sec'y, Dep't of Corr.*, 2018 WL 9596928, at *2 (M.D. Fla. Aug. 13, 2018) ("That Phillips subsequently filed a verified Rule 3.850 motion within Rule 3.850's time limit did not resurrect AEDPA's limitations period.") (citing *Delguidice v. Fla. Dep't. of Corrs.*, 351 F. App'x. 425, 428 (11th Cir. 2009) (holding that, while petitioner's amended motion, which corrected verification deficiencies of previously filed motion, was submitted within the two-year limitations period under Florida rules, Florida's rules do not expand AEDPA's one-year statute of limitations period and do not resurrect an expired limitations period)).

Petitioner argues that because he had to exhaust this issue in state court, he could not have filed the petition until after his second 3.850 motion was denied. Once again, Petitioner is mistaken. As stated above, based on the record, the date Petitioner became aware of Anderson's testimony by *at least* May 28, 2018. Had Petitioner filed his second 3.850 motion before May 28, 2019, that motion would have tolled the AEDPA clock under § 2244(d)(1)(D), until the motion was fully resolved. The problem here is that Petitioner did not file the second 3.850 motion until more than one year *after* Anderson's letter.

In fact, even if the Court were to use November 7, 2018 (the date of Anderson's affidavit), as the trigger date, the instant petition would still be untimely.

Case No. 4:20cv512-WS-HTC

Between November 7, 2018, and August 2, 2019 (when Petitioner filed the second 3.850 motion), 268 days passed without any tolling state postconviction motions. Thus, when the First DCA issued its mandate affirming the denial of the 3.850 motion on July 7, 2020, Petitioner had only 97 days remaining to file his federal petition – meaning the petition needed to be filed by Monday, October 12, 2020. As stated above, Petitioner, however, did not file the instant petition until October 21, 2020.

### C. Petitioner Has Not Demonstrated Actual Innocence

Relying on Anderson's affidavit, Petitioner argues he is actually innocent of the attempted murder charge. ECF Doc. 1 at 3. As an initial matter, no federal habeas relief is available for freestanding, non-capital claims of actual innocence. *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1356 (11th Cir. 2007); *Herrera v. Collins*, 506 U.S. 390, 400, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993) ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."). Therefore, Petitioner is not entitled to affirmative relief from this Court with respect to any freestanding claim of actual innocence that does not involve an independent constitutional violation.

Moreover, even if the Court were to read the petition broadly and liberally as including a claim of ineffective assistance of counsel, ECF Doc. 1 at 11, the

argument nonetheless fails.  To successfully assert actual innocence as a gateway to review of time-barred claims, a habeas petitioner is required "(1) to present 'new reliable evidence ... that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." *Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1011 (11th Cir. 2012) (per curiam) (citations omitted).  This "standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

As the state court correctly determined in denying Petitioner's second 3.850 motion on this issue, Petitioner cannot show no reasonable juror could have convicted him even after hearing Anderson's purported recantation because "Anderson's sworn statement is in direct contradiction with the overwhelming evidence presented at trial," including Moore's testimony identifying Petitioner as the shooter.  As the state court determined, "Anderson's claim that he committed the crime alone is inherently incredible and conclusively refuted by the physical and testimonial evidence."  ECF Doc. 12-3 at 380-81.

Petitioner has not rebutted the state court's factual determinations and has not shown the court's legal conclusions were contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court.  28 U.S.C. § 2254(d).  When reviewing a claim under 28 U.S.C. § 2254(d), a federal

court must remember that any "determination of a factual issue made by a State court shall be presumed to be correct[,]" and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Burt v. Titlow*, 134 S. Ct. 10, 15 (2013) ("[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance."). Petitioner has not shown "no reasonable juror would have found petitioner guilty beyond a reasonable doubt in light of the new evidence" and, thus, is not entitled to a finding of actual innocence.

### III. CONCLUSION

#### A. Evidentiary Hearing

The undersigned finds that an evidentiary hearing is not warranted. In deciding whether to grant an evidentiary hearing, this Court must consider "whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Additionally, this Court must take into account the deferential standards prescribed by § 2254. *See id.* Upon consideration, the undersigned finds that the claims in this case can be resolved without an evidentiary hearing, as the facts which demonstrate the untimeliness of the Petition are not in dispute. *See Schriro*, 550 U.S. at 474.

## B. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

After review of the record, the Court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Case No. 4:20cv512-WS-HTC

Accordingly, it is respectfully RECOMMENDED:

1.  That the Motion to Dismiss, ECF Doc. 12, be GRANTED.

2.  That the petition under 28 U.S.C. § 2254, challenging the conviction in *State v. Herring*, 2007-CF-2756, in the circuit court in and for Leon County, Florida, ECF Doc. 1, be DISMISSED WITH PREJUDICE as untimely without an evidentiary hearing.

3.  That a certificate of appealability be DENIED.

4.  That the clerk be directed to close the file.

At Pensacola, Florida, this 15th day of July, 2021.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.